**Manuel SEBASTIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70166.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Nancy Powell, Esq., Law Offices of Nancy Powell, Petaluma, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

Manuel Sebastian, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review.

Sebastian failed to show that the horrific torture he witnessed was on account of his Kanjobal ethnicity or his father's political neutrality. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000). Therefore, substantial evidence supports the IJ's finding that the harms Sebastian suffered were not on account of a protected ground. *See id.*

Additionally, Sebastian has failed to point to any evidence in the record showing he has an objectively reasonable, well-founded fear of future persecution by former civil patrol members. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Moreover, there is no evidence in the record that the murder of his uncle and sister by the guerrillas was anything other than an example of the random violence that has plagued Guatemala for decades. *See*

*Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

Because Sebastian cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Substantial evidence supports the IJ's denial of CAT relief because Sebastian did not establish that it is more likely than not that he will be tortured in Guatemala. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

